UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBIN BRAY,

      Plaintiff,

v.                                              Case No. 5:00-CV-36

COMMISSIONER OF THE SOCIAL            HON. GORDON J. QUIST
SECURITY ADMINISTRATION,

      Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objections to the Magistrate Judge's Report and Recommendation issued on March 15, 2006. In his report and recommendation, the magistrate judge concluded that the Administrative Law Judge's (ALJ) determination that Plaintiff was not disabled because Plaintiff had the residual functional capacity to perform light unskilled work and her medically determinable impairments did not prevent her from performing her past relevant work as an electronic component tester was supported by substantial evidence. In particular, the magistrate judge concluded that the ALJ's treatment of the opinion of consultative examiner Dr. Henry was supported by substantial evidence. The magistrate judge further concluded that the ALJ was not required to demonstrate medical improvement of Plaintiff's condition pursuant to 20 C.F.R. § 404.1594(a) in order to determine that Plaintiff was not disabled.

After conducting a de novo review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In her objections, Plaintiff states that the magistrate judge incorrectly concluded that Plaintiff contends that her GAF score alone is sufficient to establish disability. Rather, Plaintiff states, the

cases cited by the magistrate judge, Rutter v. Commissioner, No. 95-1581, 1996 WL 397424 (6th Cir. July 15, 1996), and Hardaway v. Sec'y of Health & Human Servs., 823 F.2d 922, 927 (6th Cir. 1987) (per curiam), for the proposition that a subjective determination of a GAF score is by itself insufficient to support a finding of disability, actually support her claim. That is, she notes that there are no inconsistencies in Dr. Henry's report, and there is no evidence from a psychiatric professional that rebuts Dr. Henry's conclusion regarding Plaintiff's GAF score. However, based upon its review of the ALJ's opinion, the Court notes that the ALJ properly assessed Dr. Henry's opinion regarding Plaintiff's GAF score, as well as her specific limitations, in light of all of the evidence in the record. For example, the ALJ noted that Plaintiff did not use psychotropic medications, was not involved in counseling or other protracted mental health treatment, and had only received treatment on one occasion in November 1997 when she was hospitalized for alcohol detoxification. The ALJ also observed that Plaintiff's performance of activities of daily living evidenced that her impairments imposed mild limitations on such activities (cooking, cleaning, shopping, and performing personal grooming and hygiene), that she had "mild to moderate" difficulty in maintaining social functions, that she had "mild to moderate" deficiencies of concentration, persistence or pace in completing tasks in a timely manner, and that while such limitations would preclude Plaintiff from carrying out complex or detailed instructions, they would not prevent her from performing light and sedentary exertional duties, such as those involved with her past work as an electrical component tester. The ALJ found that this evidence, as well as Dr. Henry's own observations of Plaintiff's demeanor, indicated a less serious dysfunction than a GAF score of 50 indicated. The ALJ was not bound to accept Dr. Henry's conclusions at face value. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Accordingly, the magistrate judge did not err concluding that the ALJ's treatment of Dr. Henry's opinion was supported by substantial evidence.

Plaintiff also contends that the Commissioner bore the burden of showing that Plaintiff could not work. However, the ALJ found at the fourth step in the sequential analysis that Plaintiff could perform her past work as an electronic component tester. Therefore, the burden never shifted to the Commissioner. See Pasco v. Commissioner, 137 F. App'x 828, 844-45 (6th Cir. 2005) ("Once the ALJ determines that a claimant does not have the RFC to perform her past relevant work, the burden shifts to the Commissioner to show that the claimant possesses the capacity to perform other substantial gainful activity in the national economy.").

Finally, Plaintiff asserts that the ALJ was required to find improvement of her medical condition of depression, upon which Plaintiff was previously awarded benefits, because depression was the "primary" basis for the prior award and alcohol dependence was the "secondary" basis for the award. However, the documents that Plaintiff cites in the administrative record do not support her argument that the award was based upon depression. Rather, the medical records relating to the period before the 1992 award of benefits relate primarily to alcohol dependence and other associated conditions. Thus, the magistrate judge properly determined that the ALJ was not required to find medical improvement pursuant to 20 C.F.R. § 404.1594(a). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 15, 2006 (docket no. 24), is **APPROVED AND ADOPTED** as the Opinion of this Court, and the decision of the Commissioner denying benefits to Plaintiff is **AFFIRMED**.

This case is **concluded**.

Dated: August 29, 2006         /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE